**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| CERENCE OPERATING COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>AMAZON.COM, INC., AMAZON.COM SERVICES LLC, and AMAZON WEB SERVICES, INC.<br><br>Defendants. | Civil Action No. _____<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT**

Plaintiff Cerence Operating Company ("Cerence" or "Plaintiff") brings this action against Defendants Amazon.com, Inc., Amazon.com Services LLC, and Amazon Web Services, Inc. (collectively, "Amazon" or "Defendants") and alleges as follows:

**INTRODUCTION**

1.       This is an action for patent infringement under the patent laws of the United States, 35 U.S.C. §§ 271, *et seq.*, to obtain damages resulting from Defendants' unauthorized and ongoing actions of making, having made, using, selling, having sold, offering to sell, importing, and/or having imported into the United States products that infringe or enable the infringement of one or more claims of United States Patent Nos. 8,374,358 ("358 Patent"), 10,347,248 ("248 Patent"), 10,783,899 ("899 Patent") 11,087,750 ("750 Patent"), 11,798,576 ("576 Patent"), 12,236,947 ("947 Patent"), and 12,406,663 ("663 Patent") including, without limitation, smart devices(*e.g.*, smart speakers, smart displays, smart televisions, smart streaming devices, tablets, and any other consumer electronic devices with Amazon Alexa) (the "Accused Products").

## I.    THE PARTIES

2.    Plaintiff Cerence is a wholly owned subsidiary of Cerence Inc., which is a corporation duly organized and existing under the laws of Delaware with its principal place of business located at 25 Mall Road, Suite 416, Burlington, Massachusetts.

3.    On information and belief, Defendant Amazon.com, Inc. is a corporation organized and existing under the laws of Delaware with a principal place of business at 410 Terry Avenue North, Seattle, WA 98109.

4.    On information and belief, Defendant Amazon.com Services LLC is a corporation organized and existing under the laws of Delaware with a principal place of business at 410 Terry Avenue North, Seattle, WA 98109.

5.    On information and belief, Defendant Amazon Web Services, Inc. is a corporation organized and existing under the laws of Delaware with a principal place of business at 410 Terry Avenue North, Seattle, WA 98109.

6.    On information and belief, Amazon has a registered agent in Texas, Corporation Service Company d/b/a/ CSC, located at 211 E. 7th Street, Suite 620, Austin, Texas 78701.

7.    On information and belief, Amazon, including by or through its affiliates and corporate relatives, is in the business of developing, making, offering for sale, selling, importing, distributing, and/or supporting Amazon Accused Products that are manufactured outside of the United States.

8.    On information and belief, the Accused Products are manufactured, assembled, and/or tested abroad prior to importation into the United States.  Amazon has sold, imported, and distributed, and continues to sell, import, and distribute the Accused Products into the United States.

9.      Each of the Amazon Defendants itself and/or through the activities of its affiliates and corporate relatives is in the business of designing, manufacturing, importing into the United States, selling for importation into the United States, and/or selling within the United States after importation the Amazon Accused Products, which are manufactured outside of the United States.

10.     Amazon offers and sells its products and services, including the Accused Products, to customers and potential customers located in the Eastern District of Texas (hereinafter "District").

## II.      JURISDICTION AND VENUE

11.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1338(a), 1367, and 2201.

12.     This Court also has jurisdiction pursuant to 28 U.S.C. § 1332, as complete diversity among the parties exists, and the amount in controversy exceeds $75,000.

13.     Defendants are subject to this Court's jurisdiction pursuant to due process and the Texas Long Arm Statute due at least to their substantial business in this State and District, including (a) at least part of their past infringing activities, (b) regularly doing or soliciting business in Texas, and/or (c) engaging in persistent conduct and/or deriving substantial revenue from goods and services provided to customers in Texas.

14.     This Court has personal jurisdiction over Defendants because they have, directly and/or through agents and/or intermediaries, committed acts and continue to commit acts of patent infringement, including within Texas, giving rise to this action and have established minimum contacts with Texas such that the exercise of jurisdiction would not offend traditional notions of fair play and substantial justice.  Defendants, directly and/or indirectly at least through agents and intermediaries, have committed and continue to commit acts of infringement in this

-3-

District by, among other things, making, using, selling, offering to sell, and importing the Accused Products.

15.     On information and belief, Defendants regularly conduct business in Texas, including in this District, and purposefully avail themselves of the privileges of conducting business in Texas and this District.  In particular, on information and belief, Defendants, and/or their agents and/or intermediaries, make, use, import, offer for sale, sell, and/or advertise their products and affiliated services in Texas and this District, including but not limited to the Accused Products, sufficient to give rise to jurisdiction.

16.     On information and belief, Defendants have conducted substantial business in the State of Texas and in this District, including through employing more than 86,000 full- and part-time employees at fifty (50) fulfillment and sortation centers; four (4) Amazon Pharmacy locations; twenty-eight (28) delivery stations; five (5) Prime Now fulfillment centers; five (5) Amazon Hub Locker+ locations; thirty-five (35) Whole Foods Market locations; one (1) Amazon Air Hub; three (3) Prime Air Drone Delivery centers; ten (10) Amazon wind farms; and forty-three (43) Amazon solar farms.[1]  Overall, Defendants touts over $100 billion invested in Texas alone since 2010, including in infrastructure and compensation to their employees.[2]

17.     On information and belief, Defendants have placed and continue to place Accused Products into the stream of commerce, via an established distribution channel, with the knowledge and/or understanding that such products are sold in the United States, including in Texas and specifically including in this District.

---

[1] *See Investing in the U.S.*, AboutAmazon.com Website, available at: https://www.aboutamazon.com/news/community/how-amazon-is-investing-in-the-us
[2] *Id.*

18.     On information and belief, Defendants derive substantial revenue from the sale of Accused Products distributed within Texas, including within this District, and/or expect or should reasonably expect their actions to have consequences in Texas.  In addition, on information and belief, Defendants knowingly induce, and continue to knowingly induce, infringement of the Asserted Patents within Texas and within this District by offering for sale, selling, and/or contracting with others to market Accused Products with the intent to facilitate infringing use of the products by others and by creating and/or disseminating product information and other materials providing instruction for infringing use.

19.     Defendants' infringing activity has led to foreseeable harm and injury to Cerence.

20.     Venue is proper in this District pursuant to 28 U.S.C. § 1391 and § 1400. Defendants are registered to do business in the State of Texas, have offices in the State of Texas, have transacted and continues to transact business in this District, and have committed and continues to commit acts of direct and indirect infringement in this District.

21.     Defendants have regular and established places of business in this District including, but not limited to Amazon Fulfillment Centers and Delivery Stations located at 16399 Gateway Path, Frisco, Texas 75033 (DDX6); 4121 International Pkwy Carrollton, Texas 75007 (DFW4); 15501 North Beach Street, Roanoke, Texas 76262 (DDF5); 11101 Gateway Blvd, Forney, Texas 75126 (DDX7); 1398 Industrial Blvd McKinney, Texas 75069 (DDX2); 1303 Ridgeview Drive, DDF1, Lewisville, Texas 75057 (DDF1); and 2200 S Church Street, Paris, Texas 75460 (WPT2).  These facilities employ hundreds if not thousands of individuals in this District, and Amazon continues to hire more personnel at these facilities today.  *See*, *e.g.*, https://www.amazon.jobs/en/jobs/10393776/area-manager-ii (seeking to hire Area Manager II in

Carrollton, Texas); https://www.amazon.jobs/en/jobs/10385367/mechatronics-robotics-tech (seeking Mechatronics & Robotics Tech in Frisco, Texas).

22. Venue is further proper in this district for the sake of judicial economy because the 750 Patent was previously asserted by Cerence in the Eastern District of Texas, and a claim construction order was entered by the Court with respect to this patent. *See Cerence Operating Company v. Samsung Electronics Co.*, Ltd. et al EDTX-2-23-cv-00482, Dkt. 111.

### III.    BACKGROUND

23. Cerence is a global leader in providing automotive virtual assistant technology, primarily focusing on user interaction (UX) technology that improves and refines a user's mobility experience by creating flexible and intuitive experiences for the world's leading mobility OEMs and automakers.

24. Cerence was spun out from Nuance Communications, Inc. (Nuance), which was a leading provider of speech and language solutions for businesses and consumers around the world. Cerence became a separate public company in October of 2019, trading on the Nasdaq Global Select Market under the ticker symbol CRNC. From the outset, Cerence focused its assistant software platform on its many optimization techniques and tools for improving automatic speech recognition including conversational AI tools.

25. Cerence builds AI powered virtual assistants that have been implemented most frequently in the mobility/transportation market. Cerence's solutions power natural conversational and intuitive interactions between vehicles, drivers, and passengers, and the broader digital world. Cerence has provided AI-powered assistants and innovations for connected and autonomous vehicles, including one of the world's most popular software platforms for building automotive virtual assistants. Cerence customers include nearly all major

automobile original equipment manufacturers, or OEMs, or their tier 1 suppliers worldwide, including, *e.g.*, Ford, GM, Toyota, Visteon, and Harman.

26.     The Cerence platform utilizes industry-leading speech recognition, natural language understanding, speech signal enhancement, text-to-speech, and acoustic modeling technology to provide a conversational AI-based solution.  Virtual assistants built with the Cerence platform enable a wide variety of modes of human-vehicle interaction, including speech, touch, handwriting, gaze tracking, and gesture recognition, and can support the integration of third-party virtual assistants.

27.     The market for automotive cognitive assistants in which Cerence functions is rapidly expanding beyond the automotive markets.  The proliferation of tablets, smart speakers, smart televisions, smart displays, and other consumer electronic devices with voice recognition capabilities has encouraged consumers to rely on a growing number of virtual assistants and special-purpose bots for various tasks such as controlling entertainment systems and checking the news.  This technology has pushed into home entertainment systems centered around smart televisions that allow a user to interact with increasing control over desired content, predictive content, voice controls for various applications, and volume control.

28.     Cerence has been innovating in this space for over 20 years and currently holds more than 600 patents, many of which relate to aspects of automatic speech recognition, predictive text, and volume adjustment/support in speech activated systems.

## IV.     COUNT I
### (Infringement of U.S. Patent No. 8,374,358)

29.     Cerence incorporates by reference the foregoing paragraphs as if fully set forth herein.

30.    Cerence owns by assignment all rights, title, and interest, including the right to recover damages for past, present, and future infringement, in U.S. Patent No. 8,374,358, titled "Method for Determining a Noise Reference Signal for Noise Compensation and/or Noise Reduction." The 358 Patent was duly and legally issued by the United States Patent and Trademark Office on February 12, 2013. A true and correct copy of the 358 Patent is attached as Exhibit 1.

31.    Amazon has been and is now infringing, directly and/or indirectly, literally and/or under the doctrine of equivalents, one or more claims of the 358 Patent in the state of Texas, in this District, and elsewhere in the United States by, among other things, making, using, selling, offering for sale, and/or importing into the United States products that embody one or more of the inventions claimed in the 358 Patent, including but not limited to the Accused Products, such as the exemplary Amazon smart speakers (*e.g.*, Amazon Echo Studio, Dot Max), and smart displays (*e.g.*, Amazon Echo Show), in violation of 35.U.S.C. § 271(a).

32.    A claim chart applying the independent asserted claims of the 358 Patent to an exemplary infringing Accused Product is attached as Exhibit 2.

33.    On information and belief, at least as of the filing date of this Complaint and with knowledge of the 358 Patent and its infringement thereof, Amazon has indirectly infringed and continues to indirectly infringe the 358 Patent in violation of 35 U.S.C. § 271(b). Amazon has actively induced product makers, distributors, partners, agents, affiliates, service providers, importers, resellers, customers, retailers, and/or end users to directly infringe the 358 Patent by,

among other things, disseminating, manufacturing, distributing, importing, and maintaining the Accused Products with knowledge and specific intent to cause that infringement.[3]

34.    In addition, Amazon has indirectly infringed and continues to indirectly infringe the 358 Patent in violation of 35 U.S.C. § 271(c) by selling or offering to sell in the United States, or importing into the United States, the Accused Products with knowledge of the 358 Patent.  The Accused Products are not a staple article of commerce suitable for substantial noninfringing use.

35.    On information and belief, Amazon's infringement of the 358 Patent is and has been willful.

## V.    COUNT II
### (Infringement of U.S. Patent No. 10,347,248)

36.    Cerence incorporates by reference the foregoing paragraphs as if fully set forth herein.

37.    Cerence owns by assignment all rights, title, and interest, including the right to recover damages for past, present, and future infringement, in U.S. Patent No. 10,347,248, titled "System and Method for Providing In-Vehicle Services via a Natural Language Voice User Interface."  The 248 Patent was duly and legally issued by the United States Patent and Trademark Office on July 9, 2019.  A true and correct copy of the 248 Patent is attached as Exhibit 3.

38.    Amazon has been and is now infringing, directly and/or indirectly, literally and/or under the doctrine of equivalents, one or more claims of the 248 Patent in the state of Texas, in

---

[3] *See, e.g.*, https://www.amazon.com/dp/B0D6SX8VLQ?th=1 (Amazon Echo Dot Max can be used with Amazon's Alexa and Alexa+ voice assistants); https://www.amazon.com/Echo-Show-15-Smart-Display/dp/B0C5DPSW5Y/?th=1 (Amazon Echo Show 15 can be used with Amazon's Alexa and Alexa+ voice assistants).

this District, and elsewhere in the United States by, among other things, making, using, selling, offering for sale, and/or importing into the United States products that embody one or more of the inventions claimed in the 248 Patent, including but not limited to the Accused Products, such as the exemplary Amazon Alexa Auto, in violation of 35.U.S.C. § 271(a).

39.     A claim chart applying the independent asserted claims of the 248 Patent to an exemplary infringing Accused Product is attached as Exhibit 4.

40.     On information and belief, at least as of the filing date of this Complaint and with knowledge of the 248 Patent and its infringement thereof, Amazon has indirectly infringed and continues to indirectly infringe the 248 Patent in violation of 35 U.S.C. § 271(b).  Amazon has actively induced product makers, distributors, partners, agents, affiliates, service providers, importers, resellers, customers, retailers, and/or end users to directly infringe the 248 Patent by, among other things, disseminating, manufacturing, distributing, importing, and maintaining the Accused Products with knowledge and specific intent to cause that infringement.[4]

41.     In addition, Amazon has indirectly infringed and continues to indirectly infringe the 248 Patent in violation of 35 U.S.C. § 271(c) by selling or offering to sell in the United States, or importing into the United States, the Accused Products with knowledge of the 248 Patent.  The Accused Products are not a staple article of commerce suitable for substantial noninfringing use.

42.     On information and belief, Amazon's infringement of the 248 Patent is and has been willful.

---

[4]  *See, e.g.*, https://www.amazon.com/alexa-auto/b?ie=UTF8&node=17599297011 (Amazon Alexa Auto webpage).

## VI.   COUNT III
### (Infringement of U.S. Patent No. 10,783,899)

43.   Cerence incorporates by reference the foregoing paragraphs as if fully set forth herein.

44.   Cerence owns by assignment all rights, title, and interest, including the right to recover damages for past, present, and future infringement, in U.S. Patent No. 10,783,899, titled "Babble Noise Suppression."  The 899 Patent was duly and legally issued by the United States Patent and Trademark Office on September 22, 2020.  A true and correct copy of the 899 Patent is attached as Exhibit 5.

45.   Amazon has been and is now infringing, directly and/or indirectly, literally and/or under the doctrine of equivalents, one or more claims of the 899 Patent in the state of Texas, in this District, and elsewhere in the United States by, among other things, making, using, selling, offering for sale, and/or importing into the United States products that embody one or more of the inventions claimed in the 899 Patent, including but not limited to the Accused Products, such as the exemplary Amazon Echo smart speakers, Amazon Echo Show smart displays, Amazon Fire TVs, Amazon Fire tablets, and Amazon Fire TV Cube, in violation of 35.U.S.C. § 271(a).

46.   A claim chart applying the independent asserted claims of the 899 Patent to an exemplary infringing Accused Product is attached as Exhibit 6.

47.   On information and belief, at least as of the filing date of this Complaint and with knowledge of the 899 Patent and its infringement thereof, Amazon has indirectly infringed and continues to indirectly infringe the 899 Patent in violation of 35 U.S.C. § 271(b).  Amazon has actively induced product makers, distributors, partners, agents, affiliates, service providers, importers, resellers, customers, retailers, and/or end users to directly infringe the 899 Patent by,

-11-

among other things, disseminating, manufacturing, distributing, importing, and maintaining the Accused Products with knowledge and specific intent to cause that infringement.[5]

48.    In addition, Amazon has indirectly infringed and continues to indirectly infringe the 899 Patent in violation of 35 U.S.C. § 271(c) by selling or offering to sell in the United States, or importing into the United States, the Accused Products with knowledge of the 899 Patent.  The Accused Products are not a staple article of commerce suitable for substantial noninfringing use.

49.    On information and belief, Amazon infringement of the 899 Patent is and has been willful.

## VII.    COUNT IV
### (Infringement of U.S. Patent No. 11,087,750)

50.    Cerence incorporates by reference the foregoing paragraphs as if fully set forth herein.

51.    Cerence owns by assignment all rights, title, and interest, including the right to recover damages for past, present, and future infringement, in U.S. Patent No. 11,087,750, titled "Methods and Apparatus for Detecting a Voice Command."  The 750 Patent was duly and

---

[5] *See, e.g.*, https://www.amazon.com/dp/B0D6SX8VLQ?th=1 (Amazon Echo Dot Max can be used with Amazon's Alexa and Alexa+ voice assistants); https://www.amazon.com/Echo-Show-15-Smart-Display/dp/B0C5DPSW5Y/?th=1 (Amazon Echo Show 15 can be used with Amazon's Alexa and Alexa+ voice assistants); https://www.amazon.com/All-New-Echo-Auto-release-Alexa/dp/B09X27YPS1 (Amazon Echo Auto can be used with Amazon's Alexa and Alexa+ voice assistants); https://www.amazon.com/dp/B09BZZ3MM7? (Amazon Fire TV Cube can be used with Amazon's Alexa and Alexa+ voice assistants); https://www.amazon.com/Amazon-powerful-display-octa-core-processor/dp/B0B1VQ1ZQY (Amazon Fire Max 11 tablet can be used with Amazon Alexa and Alexa+); https://www.amazon.com/Amazon-Ambient-Experience-dimming-hands-free/dp/B0CJDJWMDV/ (Amazon Fire TV Omni QLED TV can be used with Amazon Alexa and Alexa +); https://www.amazon.com/b?ie=UTF8&node=21576558011 (online guide for using Amazon Alexa); https://www.amazon.com/dp/B0DCCNHWV5?ref_=aem_en_us_hub_hpg_q125_im_0056 (online guide for using Amazon Alexa+).

legally issued by the United States Patent and Trademark Office on August 10, 2021.  A true and correct copy of the 750 Patent is attached as Exhibit 7.

52.     Amazon has been and is now infringing, directly and/or indirectly, literally and/or under the doctrine of equivalents, one or more claims of the 750 Patent in the state of Texas, in this District, and elsewhere in the United States by, among other things, making, using, selling, offering for sale, and/or importing into the United States products that embody one or more of the inventions claimed in the 750 Patent, including but not limited to the Accused Products, such as the exemplary Amazon Echo smart speakers (*e.g.*, Amazon Echo Studio, Echo Dot Max) and Amazon smart displays (*e.g.*, Amazon Echo Show 5, 8, 11, 15, 21), in violation of 35.U.S.C. § 271(a).

53.     A claim chart applying the independent asserted claims of the 750 Patent to an exemplary infringing Accused Product is attached as Exhibit 8.

54.     On information and belief, at least as of the filing date of this Complaint and with knowledge of the 750 Patent and its infringement thereof, Amazon has indirectly infringed and continues to indirectly infringe the 750 Patent in violation of 35 U.S.C. § 271(b).  Amazon has actively induced product makers, distributors, partners, agents, affiliates, service providers, importers, resellers, customers, retailers, and/or end users to directly infringe the 750 Patent by, among other things, disseminating, manufacturing, distributing, importing, and maintaining the Accused Products with knowledge and specific intent to cause that infringement.[6]

---

[6] *See, e.g.*, https://www.amazon.com/dp/B0D6SX8VLQ?th=1 (Amazon Echo Dot Max can be used with Amazon's Alexa and Alexa+ voice assistants); https://www.amazon.com/Echo-Show-15-Smart-Display/dp/B0C5DPSW5Y/?th=1 (Amazon Echo Show 15 can be used with Amazon's Alexa and Alexa+ voice assistants).

55.     In addition, Amazon has indirectly infringed and continues to indirectly infringe the 750 Patent in violation of 35 U.S.C. § 271(c) by selling or offering to sell in the United States, or importing into the United States, the Accused Products with knowledge of the 750 Patent.  The Accused Products are not a staple article of commerce suitable for substantial noninfringing use.

56.     On information and belief, Amazon's infringement of the 750 Patent is and has been willful.

### VIII.   COUNT V
### (Infringement of U.S. Patent No. 11,798,576)

57.     Cerence incorporates by reference the foregoing paragraphs as if fully set forth herein.

58.     Cerence owns by assignment all rights, title, and interest, including the right to recover damages for past, present, and future infringement, in U.S. Patent No. 11,798,576, titled "Methods and Apparatus for Adaptive Gain Control in a Communication System."  The 576 Patent was duly and legally issued by the United States Patent and Trademark Office on October 24, 2023.  A true and correct copy of the 576 Patent is attached as Exhibit 9.

59.     Amazon has been and is now infringing, directly and/or indirectly, literally and/or under the doctrine of equivalents, one or more claims of the 576 Patent in the state of Texas, in this District, and elsewhere in the United States by, among other things, making, using, selling, offering for sale, and/or importing into the United States products that embody one or more of the inventions claimed in the 576 Patent, including but not limited to the Accused Products, such as the exemplary Amazon smart speakers (*e.g.*, Amazon Echo Studio, Echo Dot Max), Amazon smart displays (*e.g.*, Amazon Echo Show 5, 8, 11, 15, 21), Amazon smart televisions, in violation of 35.U.S.C. § 271(a).

60.    A claim charts applying the independent asserted claims of the 576 Patent to an exemplary infringing Accused Product is attached as Exhibit 10.

61.    On information and belief, at least as of the filing date of this Complaint and with knowledge of the 576 Patent and its infringement thereof, Amazon has indirectly infringed and continues to indirectly infringe the 576 Patent in violation of 35 U.S.C. § 271(b).  Amazon has actively induced product makers, distributors, partners, agents, affiliates, service providers, importers, resellers, customers, retailers, and/or end users to directly infringe the 576 Patent by, among other things, disseminating, manufacturing, distributing, importing, and maintaining the Accused Products with knowledge and specific intent to cause that infringement.[7]

62.    In addition, Amazon has indirectly infringed and continues to indirectly infringe the 576 Patent in violation of 35 U.S.C. § 271(c) by selling or offering to sell in the United States, or importing into the United States, the Accused Products with knowledge of the 576 Patent.  The Accused Products are not a staple article of commerce suitable for substantial noninfringing use.

---

[7] *See, e.g.*, https://www.amazon.com/dp/B0D6SX8VLQ?th=1 (Amazon Echo Dot Max can be used with Amazon's Alexa and Alexa+ voice assistants); https://www.amazon.com/Echo-Show-15-Smart-Display/dp/B0C5DPSW5Y/?th=1 (Amazon Echo Show 15 can be used with Amazon's Alexa and Alexa+ voice assistants); https://www.amazon.com/All-New-Echo-Auto-release-Alexa/dp/B09X27YPS1 (Amazon Echo Auto can be used with Amazon's Alexa and Alexa+ voice assistants); https://www.amazon.com/dp/B09BZZ3MM7? (Amazon Fire TV Cube can be used with Amazon's Alexa and Alexa+ voice assistants); https://www.amazon.com/Amazon-powerful-display-octa-core-processor/dp/B0B1VQ1ZQY (Amazon Fire Max 11 tablet can be used with Amazon Alexa and Alexa+); https://www.amazon.com/Amazon-Ambient-Experience-dimming-hands-free/dp/B0CJDJWMDV/ (Amazon Fire TV Omni QLED TV can be used with Amazon Alexa and Alexa +); https://www.amazon.com/b?ie=UTF8&node=21576558011 (online guide for using Amazon Alexa); https://www.amazon.com/dp/B0DCCNHWV5?ref_=aem_en_us_hub_hpg_q125_im_0056 (online guide for using Amazon Alexa+).

63. On information and belief, Amazon infringement of the 576 Patent is and has been willful.

## IX. COUNT VI
### (Infringement of U.S. Patent No. 12,236,947)

64. Cerence incorporates by reference the foregoing paragraphs as if fully set forth herein.

65. Cerence owns by assignment all rights, title, and interest, including the right to recover damages for past, present, and future infringement, in U.S. Patent No. 12,236,947, titled "Flexible-Format Voice Command."  The 947 Patent was duly and legally issued by the United States Patent and Trademark Office on February 25, 2025.  A true and correct copy of the 947 Patent is attached as Exhibit 11.

66. Amazon has been and is now infringing, directly and/or indirectly, literally and/or under the doctrine of equivalents, one or more claims of the 947 Patent in the state of Texas, in this District, and elsewhere in the United States by, among other things, making, using, selling, offering for sale, and/or importing into the United States products that embody one or more of the inventions claimed in the 947 Patent, including but not limited to the Accused Products, such as the exemplary Amazon smart displays (*e.g.*, Amazon Echo Show 5, 8, 11, 15, 21), in violation of 35.U.S.C. § 271(a).

67. A claim charts applying the independent asserted claims of the 947 Patent to an exemplary infringing Accused Product is attached as Exhibit 12.

68. On information and belief, at least as of the filing date of this Complaint and with knowledge of the 947 Patent and its infringement thereof, Amazon has indirectly infringed and continues to indirectly infringe the 947 Patent in violation of 35 U.S.C. § 271(b).  Amazon has actively induced product makers, distributors, partners, agents, affiliates, service providers,

importers, resellers, customers, retailers, and/or end users to directly infringe the 947 Patent by, among other things, disseminating, manufacturing, distributing, importing, and maintaining the Accused Products with knowledge and specific intent to cause that infringement.[8]

69.     In addition, Amazon has indirectly infringed and continues to indirectly infringe the 947 Patent in violation of 35 U.S.C. § 271(c) by selling or offering to sell in the United States, or importing into the United States, the Accused Products with knowledge of the 947 Patent.  The Accused Products are not a staple article of commerce suitable for substantial noninfringing use.

70.     On information and belief, Amazon infringement of the 947 Patent is and has been willful.

## X.     COUNT VII
### (Infringement of U.S. Patent No. 12,406,663)

71.     Cerence incorporates by reference the foregoing paragraphs as if fully set forth herein.

72.     Cerence owns by assignment all rights, title, and interest, including the right to recover damages for past, present, and future infringement, in U.S. Patent No. 12,406,663, titled "Routing of User Commands Across Disparate Ecosystems."  The 663 Patent was duly and legally issued by the United States Patent and Trademark Office on September 2, 2025.  A true and correct copy of the 663 Patent is attached as Exhibit 13.

73.     Amazon has been and is now infringing, directly and/or indirectly, literally and/or under the doctrine of equivalents, one or more claims of the 663 Patent in the state of Texas, in this District, and elsewhere in the United States by, among other things, making, using, selling,

---

[8] *See, e.g.*, https://www.amazon.com/Echo-Show-15-Smart-Display/dp/B0C5DPSW5Y/?th=1 (Amazon Echo Show 15 can be used with Amazon's Alexa and Alexa+ voice assistants).

offering for sale, and/or importing into the United States products that embody one or more of the inventions claimed in the 663 Patent, including but not limited to the Accused Products, such as the exemplary Amazon Alexa Auto, in violation of 35.U.S.C. § 271(a).

74.    A claim charts applying the independent asserted claims of the 663 Patent to an exemplary infringing Accused Product is attached as Exhibit 14.

75.    On information and belief, at least as of the filing date of this Complaint and with knowledge of the 663 Patent and its infringement thereof, Amazon has indirectly infringed and continues to indirectly infringe the 663 Patent in violation of 35 U.S.C. § 271(b).  Amazon has actively induced product makers, distributors, partners, agents, affiliates, service providers, importers, resellers, customers, retailers, and/or end users to directly infringe the 663 Patent by, among other things, disseminating, manufacturing, distributing, importing, and maintaining the Accused Products with knowledge and specific intent to cause that infringement.[9]

76.    In addition, Amazon has indirectly infringed and continues to indirectly infringe the 663 Patent in violation of 35 U.S.C. § 271(c) by selling or offering to sell in the United States, or importing into the United States, the Accused Products with knowledge of the 663 Patent.  The Accused Products are not a staple article of commerce suitable for substantial noninfringing use.

77.    On information and belief, Amazon infringement of the 663 Patent is and has been willful.

## PRAYER FOR RELIEF

**WHEREFORE**, Cerence respectfully requests that the Court:

---

[9]  *See, e.g.*, https://www.amazon.com/alexa-auto/b?ie=UTF8&node=17599297011 (Amazon Alexa Auto webpage).

A.      Enter a judgment that Defendants have infringed and continues to infringe one or more claims of each of the Asserted Patents;

B.      Enter a judgment that Defendants' infringement is and has been willful;

C.      Permanently enjoin Defendants, their parents, subsidiaries, affiliates, agents, servants, employees, attorneys, representatives, successors and assigns, and all others in active concert or participation with them from infringing the Asserted Patents;

D.      Order an award of damages to Cerence in an amount no less than a reasonable royalty, together with pre-judgment and post-judgment interest and costs;

E.      Order and award trebling damages to Cerence for willful infringement under 35 U.S.C. § 284;

F.      Find that this case is exceptional and award Cerence its costs, expenses, and reasonable attorneys' fees under 35 U.S.C. § 285; and

G.      Grant such other and further relief as the Court may deem proper and just.

## XI.      DEMAND FOR JURY TRIAL

78.      Plaintiff hereby demands a jury in accordance with Rule 38 of the Federal Rules of Civil Procedure.

Date:  May 4, 2026

Respectfully submitted,

*/s/ Charles S. Baker*

Charles S. Baker
Texas State Bar No. 01566200
TROUTMAN PEPPER LOCKE LLP
600 Travis Street, Suite 2800
Houston, TX 77002
Tel:  713.226.1200
Fax:  214.223.3717
Email:     charles.baker@troutman.com

Frank Liu *
Lead Attorney
Ana Spone Callif *
TROUTMAN PEPPER LOCKE LLP
111 Huntington Avenue
Boston, Massachusetts 02129
Tel:  617.204.5100
Fax:  617.227.4420
Emails:   frank.liu@troutman.com
            ana.sponecallif@troutman.com

*\* Pro Hac Vice to be filed*

**Counsel for Plaintiff**
**Cerence Operating Company**

-20-